## SUPREME COURT.

Curtis C. Gardiner and Sylvanus Lyon agt. Peter Peterson and Hiram E. Peterson.

Where one of the defendants was subpœnaed to appear before a county judge for examination on behalf of the plaintiffs, under § 391 of the Code, and on the day appointed, made default in attendance without any sufficient excuse, he was held not to be in *contempt,* because it did not appear that the plaintiffs or any of the parties were in attendance at that time, nor any reason given why they were not, and the inference was that the plaintiffs had abandoned the proceeding.

Although subsequent stipulations were entered into by the attorneys of the respective parties continuing the proceeding before the judge from time to time, under the same terms and conditions, they were to be regarded as original proceedings, and the defendant not having had notice of them, was not bound by them.

*Livingston Special Term and Circuit, May,* 1857.

Motion by plaintiff for a rule or order, striking out the an-

swer as regards the defendant Peter Peterson, and that an at-tachment issue against him for contempt for not attending before a judge, to be examined as a witness for the plaintiffs.

Issue of fact was joined in the action, on the 31st day of July, 1855, by the service of the defendants' answer. On the 21st day of November, 1856, the plaintiffs caused a subpœna to be served upon the defendant Peter Peterson, requiring him to appear before the county judge of Livingston county, at his office, in Mount Morris, on the first day of December following, at 10 o'clock A. M., to testify as a witness in the action in behalf of the plaintiffs, and paid him his legal fees as such witness, and at the same time notice was served upon said Peter, of such examination, and also upon the attorney of the defendants, in pursuance of § 391 of the Code. The said Peter did not appear before the judge in pursuance of said subpœna and notice, and the attorneys for the respective parties, on the said first day of December, stipulated in writing, that the time for the appearance and examination of said Peter, as a witness for said plaintiffs, be extended to the 12th day of December, then instant, at the same place and time of day, and that said Peter should then appear and be examined accordingly, with the like force and effect in all respects, and consequences in case of failure, as if duly subpœnaed and notified thereto. It does not appear whether there was any attendance before the judge by any of the parties on the 12th of December, or by any person in behalf of either of them. The next thing in order of time, that was done in the cause which the motion papers disclose, was the entering into another stipulation by the attorneys, for the respective parties, on the 30th day of January, 1857, reciting the failure of the said Peter to appear and be examined in accordance with the subpœna and notice, and providing that said Peter should appear and be examined before the said judge, at his office aforesaid, on the 4th day of March following, at 9 o'clock A. M., in the same manner and with the like effect, as if he were duly notified and subpœnaed, pursuant to the provisions of the Code, and with the like consequences in case of refusal or omission so to appear and testify. The defendant Peter did not appear be-

fore the said judge in pursuance of the last-mentioned stipu-
lation.

On the 7th day of March, 1857, the attorneys for the parties
entered into another stipulation, reciting. the subpœna and no-
tice to appear on the 1st of December, and the defendant Peter's
default so to appear, also the above stipulation of January 30th,
1857, and his failure to appear, in pursuance thereof, and pro-
viding that said Peter should pay the plaintiff's attorney ten
dollars, on or before the 30th day of March, then instant, for
his expenses in attending before said judge, to examine said
Peter, and in default thereof, the plaintiffs should be at liberty
to move the court to strike out said Peter's answer, and to pun-
ish him for said omissions to appear and be examined, or to
enter a rule therefor, and enforce payment by execution. Also,
that Peter should appear before the said judge and be examined
as such witness, at his office aforesaid, on the 6th day of April
then next, at 10 o'clock A. M., and on failure thereof, the plain-
tiff should be at liberty " to make the motion above mentioned,
or any other proper motion, or to take any other proper
remedy."

The plaintiffs appeared by their counsel, on the said 6th day
of April, in pursuance of said last-mentioned stipulation, but the
said Peter did not appear, and was not examined.

An affidavit of the defendant Peter Peterson, was read in op-
position to the motion, for the purpose of excusing his several
failures to attend before the judge, and showing that he left
home on business, directly after the stipulation of December
1st was entered into, and did not return to his residence in
Nunda, Livingston county, until the 12th day of April last, dur-
ing most of which time he was travelling from place to place,
engaged in peddling and trading in Yankee notions, in the
southwestern counties of this state, and in the interior of the
states of Ohio and Pennsylvania. That he was prevented by
sickness from reaching the office of the judge in time to appear
before him, until after the 6th day of April last past; and that
he did not know of the last two stipulations until several days
after they had been entered into, and that he was not informed

Gardiner and Lyon agt. Petersons'.

and did not know of the said stipulation of January 30th, in time to have attended before the judge in pursuance of the provisions thereof.

It is also shown on the part of the defendant Peter, that the plaintiff's attorney has been offered the ten dollars, mentioned in the stipulation of March 7th, which he declined to receive.

S. LORD, *for plaintiffs.*
S. J. CROOKS, *for defendant Peter Peterson.*

WELLES, Justice.   No sufficient excuse is shown by the defendant Peter Peterson, for his non-attendance before the judge on the 12th day of December, to which day the time for his appearance and examination was extended by the stipulation of the first of that month.   It does not appear, however, that the plaintiff appeared at that time, and the inference is, that he abandoned the proceeding.   If that was so, they can claim no advantage from the subpoena or the original notice to appear on the first of December ; and the subsequent stipulations cannot have the effect to revive or continue a proceeding which has thus become discontinued.   Those subsequent stipulations must, therefore, be treated as original proceedings, wholly disconnected with those which preceded them.   They were entered into without the knowledge of the individual to be affected by them and while he was absent in other states on business.

A failure to comply with stipulations entered into under such circumstances, cannot be regarded a contempt of court.

The motion must be denied, but without costs.